UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**AMANDA ALEXANDRIA CURTIS,**

   Plaintiff,

v.                                                 Case No. 8:23-cv-01735-WFJ-UAM

**BEST CARE SENIOR LIVING
AT PORT RICHEY, LLC**,

   Defendant.

_____/

## ORDER

Before the Court is Amanda Alexandria Curtis's ("Plaintiff") Motion for Default Final Judgment (Dkt. 16) against Best Care Senior Living at Port Richey, LLC ("Defendant"). After careful review, the Court denies Plaintiff's Motion without prejudice and directs the Clerk to enter Defendant's default.

### BACKGROUND

Plaintiff filed her Complaint (Dkt. 1) on August 3, 2023. On November 20, 2023, Plaintiff filed Proof of Service (Dkts. 12, 13) indicating that Defendant was served on October 30, 2023. The Court instructed Plaintiff to move for a clerk's default on November 27, 2023 (Dkt. 14). On December 27, 2023, Plaintiff filed the instant Motion for Default Final Judgment (Dkt. 16).

## DISCUSSION

Federal Rule of Civil Procedure 55(a) governs clerks' entries of default, while Rule 55(b) discusses court's entries of default judgment. "[A] Clerk's default must be entered prior to the entry of default judgment." *Brantley v. Drug Enforcement Admin.*, No. 2:15–cv–802–FtM–29CM, 2016 WL 7440836, at *2 (M.D. Fla. Dec. 27, 2016). Pursuant to Rule 55(a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." (emphasis added). Local Rule 1.10(b) further provides that plaintiff must apply for a default within twenty-eight days of the defendant's failure to plead or otherwise defend. Should the plaintiff fail to do so, the court "*can*" dismiss the claim without notice and without prejudice. M.D. Fla. R. 1.10(d) (emphasis added).

Before directing the Clerk to enter default, the Court must determine that Plaintiff properly effectuated service of process. *Cohan*, 2022 WL 1289336, at *2. A plaintiff may serve a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), or by any method permitted under the law of the state "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); Fed. R.

2

Civ. P. 4(h)(1)(A). Service must be effectuated "within 90 days after the Complaint is filed." Fed. R. Civ. P. 4(m).

Here, Plaintiff's Motion for Default Final Judgment is premature because the Clerk has not yet entered default. *See Brantley*, 2016 WL 7440836, at *2. Because Plaintiff failed to apply for default within twenty-eight days, the Court has discretion to dismiss the Complaint. *Id.* In this case, the Court finds it more efficient to construe Plaintiff's Motion as showing that Defendant failed to plead or otherwise defend and to subsequently direct the Clerk to enter default.

Service in this case was timely; the Complaint was filed August 3, 2023 and service completed October 30, 2023. Dkts. 1, 12, 13. Further, service was proper under Rule 4(h)(1)(B) as to "Erin. H.," purportedly Defendant's Executive Director and thus an officer of the LLC.[1] Dkt. 13 at 1. Plaintiff's Motion shows that Defendant failed to plead or otherwise defend. Dkt. 16 ¶ 3. Thus, a clerk's default is required.

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Final Judgment is **DENIED** without prejudice. The Clerk is directed to enter a default against Defendant.

---

[1] Of note, service on "Sonia Saad," the Office Manager, Dkt. 12 at 1, was ineffective under both FRCP 4(h)(1)(B), *Matero v. Digital Ink Ams. LLC*, 6:22-cv-1606-CEM-LHP, 2023 WL 2527046, at *1 (M.D. Fla. Mar. 15, 2023), and Fla. Stat. 48.062. While 48.062 previously permitted service on the employee of a registered agent, see *Cohan v. Cape Canaveral Foods Grp. LLC*, 6:21-cv-1801-ACC-GJK, 2022 WL 1289336, at *2, the statute was amended in 2022 to omit this provision, 2022 Fla. Sess. Law Serv. Ch. 2022-190 (C.S.C.S.S.B. 1062) (WEST).

Within thirty-five (35) days after entry of the clerk's default, Plaintiff may renew her Motion for Default Final Judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment. M.D. Fla. R. 1.10(c).

**DONE AND ORDERED** at Tampa, Florida, on January 2, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record