## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**AMANDA ALEXANDRIA CURTIS**,

    Plaintiff,

v.                                                         Case No. 8:23-cv-01735-WFJ-NHA

**BEST CARE SENIOR LIVING
AT PORT RICHEY, LLC**,

    Defendant.
_____/

## ORDER

Before the Court is Amanda Alexandria Curtis's ("Plaintiff") Motion for Default Judgment against Best Care Senior Living at Port Rickey, LLC (Defendant). Dkt. 21. Upon careful consideration, the Court grants Plaintiff's Motion.

## BACKGROUND

The Complaint alleges as follows. Defendant employed Plaintiff as a care giver and med tech. Dkt. 1 ¶¶ 7, 13. In those roles, Plaintiff assisted Defendant's elderly clients with personal hygiene, eating, dressing, and medical needs. *Id.* ¶ 7. Several of Defendant's clients were physically violent with staff. *Id.* ¶¶ 8, 11. For example, on January 3, 2023, Plaintiff was assaulted by a client. *Id.* ¶ 8. "Immediately" after this incident, Plaintiff was allowed to leave her post and seek medical treatment. *Id.* Sometime between February 22 and March 2, 2023, Plaintiff

notified her supervisor and her general manager that she was pregnant by providing written documentation from her doctor. *Id.*

On March 12, 2023, one of Defendant's clients hit Plaintiff repeatedly in the arms and chest. *Id.* at 11. Plaintiff texted her supervisor, informing her of the assault and expressing concern for the health of her fetus. *Id.* Plaintiff's supervisor texted back, "Izzy literally kicked me in my stomach multiple times I'm not listening to this I'm pregnant bullshit your pissing me off please stop texting me thank you I'll have Erin handle it tomorrow." (sic) *Id.* Plaintiff also complained to the general manager. *Id.* Neither Plaintiff's supervisor nor the general manager allowed her to leave to get medical treatment. *Id.*

A week later, on March 19, Plaintiff was again assaulted by a resident who "kicked a bench into Plaintiff's knee." *Id.* ¶ 12. She complained to the general manager, who again provided no assistance. *Id.* The following day, Plaintiff experienced cramping after an ultrasound and took a day of leave from work—her only pregnancy-related absence. *Id.* ¶ 13. She provided documentation of her pregnancy to the general manager, who responded, "I could fire you today if I wanted to, but I'm not going to." *Id.*

Plaintiff was next scheduled to work on March 23, 2023. *Id.* ¶ 14. Around dinner time on the 23rd, she took a meal break lasting approximately ten minutes. *Id.* While eating, she looked at her personal cell phone. *Id.* At the end of Plaintiff's

2

ten-minute break, the assistant to the general manager came into the break room, yelled at Plaintiff for using her cell phone, and "immediately terminated her," stating, "Erin [the general manager] sent me to tell you to turn in your key and clock out." *Id.*

The Complaint explains that Defendant's employees worked eight-hour shifts and were only allowed breaks if staffing permitted. *Id.* Employees were to clock out for their breaks. *Id.* The Complaint does not state that Plaintiff clocked out for her break on March 23. *See id.* It additionally alleges that employees frequently used their personal cell phones during work to communicate about official duties, because Defendant did not provide a radio system or other way for staff to quickly reach one another. *Id.* Plaintiff asserts that non-pregnant employees were "provided warnings prior to termination over taking breaks, cell phone use and other such minor policy violations," but that Defendant did not warn Plaintiff prior to terminating her. *Id.*

Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Rights. *Id.* ¶¶ 6. The EEOC issued her a right to sue letter on May 5, 2023. *Id.* ¶ 15. On August 3, 2023, Plaintiff filed the instant Complaint alleging two counts: (1) sex and pregnancy discrimination under the Florida Civil Rights Act ("FCRA"); and (2) sex discrimination under Title VII. *Id.* ¶¶ 18, 22. As the Court noted in its Order on Plaintiff's first Motion for Default Judgment, Plaintiff properly served Defendant. Dkt. 17 at 3. Defendant has

3

not appeared in the case, filed any pleadings, or otherwise defended against Plaintiff's claims. Dkt. 21 at 4. The Clerk entered default on January 3, 2023. Plaintiff filed the instant Motion for Default Judgment on February 15, 2023.

## LEGAL STANDARD

A court may enter a default judgment against a defendant who has failed to plead or defend in response to a complaint against it. Fed. R. Civ. P. 55(b); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). Default judgment is warranted where there is "a sufficient basis in the pleadings for the judgment entered." *Surtain*, 789 F.3d at 1245 (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). The "sufficient basis" standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* As a result, the court should determine if the facts in the Complaint state a claim with facial plausibility. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Iqbal*, 556 U.S. at 678). "It is well settled that the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact[.]" *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015) (quotation omitted). Upon entry of a default judgment, a court may conduct a hearing to determine the correct amount of damages. *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015).

## DISCUSSION

The Complaint's factual matter creates a sufficient basis for default judgment of liability on both the FCRA and the Title VII claims. Plaintiff alleges that Defendant discriminated against her in two ways: (1) requiring her to remain in the same building as physically abusive clients, when non-pregnant employees were excused in similar circumstances; and (2) terminating her for taking a meal break and using her cell phone, when non-pregnant employees were simply given warnings for the same conduct. Dkt. 1 ¶ 24.

Under both the FCRA and Title VII, it is illegal for employers to discharge or otherwise discriminate against employees because of sex. Fla. Stat. § 760.10(1)(a); 42 U.S.C. § 2000e-2(a)(1). The FCRA expressly forbids discrimination on the basis of pregnancy. Fla. Stat. § 760.10(1)(a). Title VII's definition of "sex" includes "pregnancy, childbirth, or related medical conditions." § 2000e(k). Therefore, Title VII discrimination based on sex encompasses discrimination based on pregnancy. "Because the FCRA is modeled after Title VII, and claims brought under it are analyzed under the same framework, the state-law claims do not need separate discussion and their outcome is the same as the federal ones." *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010).

Where, as here, a plaintiff alleges Title VII discrimination based on disparate treatment, she must show intent to discriminate. *E.E.O.C. v. Joe's Stone Crab, Inc.*,

5

220 F.3d 1263, 1273 (11th Cir. 2000). A plaintiff may "use direct evidence, circumstantial evidence, or both" to demonstrate disparate treatment discrimination in violation of Title VII. *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 944 (11th Cir. 2023). When relying on circumstantial evidence, a plaintiff can establish a rebuttable presumption of discrimination by showing that: "(1) she belongs to a protected class, (2) she was subjected to an adverse employment action, (3) she was qualified to perform the job in question, and (4) her employer treated similarly situated employees outside her class more favorably. *Id.* That said, a plaintiff need not plead these elements to establish a sufficient basis for a default judgment. *See Tynes*, 88 F.4th 946. Instead, the complaint need only allege facts that allow the court to draw a reasonable inference of sex-based discrimination. *Surtain*, 789 F.3d at 1245 (citing *Iqbal*, 556 U.S. at 678).

Here, the instant Complaint states that Plaintiff was pregnant and thus a member of a protected class under Title VII. Dkt. 1 ¶ 9; 42 U.S.C. § 2000e(k). It further alleges that Plaintiff was terminated, when other similarly situated employees were simply given warnings for the same conduct. Dkt. 1 ¶ 14. Finally, the Complaint avers that Plaintiff was qualified, performed her duties satisfactorily, and did not receive any discipline other than her allegedly discriminatory termination. *Id.* ¶ 7. These facts, on their own, are sufficient to allow the court to draw a reasonable inference of sex-based discrimination. Defendant's negative comments

6

about Plaintiff's pregnancy and in response to Plaintiff's pregnancy-related leave support an inference of discriminatory intent. *See id.* ¶¶ 11, 13.

The Complaint establishes a sufficient basis for default judgment of liability on the FCRA and Title VII claims. Pursuant to Federal Rule of Civil Procedure 55 and Plaintiff's request, the Court will conduct a hearing to determine the amount of damages.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Plaintiff's Motion for Default Judgment (Dkt. 21) is **GRANTED**.

(2) A hearing on damages is set for March 22 at 9:00 A.M. Because the hearing is not contested and Plaintiff's counsel is a long distance away, the hearing will be via Zoom teleconference. Plaintiff must appear at this hearing. Five days prior to the hearing, Plaintiff's counsel must file a summary of damages and appropriate documentation for attorney's fees if sought.

**DONE AND ORDERED** at Tampa, Florida, on February 21, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record